# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-51071
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 29, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DUSTIN GLASS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:17-CR-574-1

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Dustin Glass appeals his 121-month sentence for receipt and distribution of child pornography and possession of child pornography. He contends that a downward departure from the advisory guidelines range was warranted pursuant to the policy statement in U.S.S.G. § 5H1.11 due to his prior military service. He also challenges the substantive reasonableness of his sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-51071

We lack jurisdiction to review a district court's failure to grant a downward departure where, as here, there is nothing in the record to indicate that the district court erroneously believed that it did not have authority to depart. *See United States v. Fillmore*, 889 F.3d 249, 255 (5th Cir. 2018); *United States v. Alaniz*, 726 F.3d 586, 627 (5th Cir. 2013).

Glass asserts that his 121-month sentence—which was at the bottom of the advisory guidelines range—is substantively unreasonable because the district court failed to give adequate weight to his prior military service. The district court imposed a sentence within the guidelines range that is entitled to a presumption of reasonableness. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). The district court adopted the findings and calculations in the presentence report, considered the Glass's military service as well as other mitigating circumstances articulated by counsel, expressed concern regarding the vast number of pornographic images for which Glass was held accountable, and considered the 18 U.S.C. § 3553(a) factors. We find no error in the district court's sentence, *see United States v. Rodriguez*, 523 F.3d 519, 522, 525-26 & n.1 (5th Cir. 2008), and we hold that Glass has failed to rebut the presumption of reasonableness, *see United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

DISMISSED IN PART FOR LACK OF JURISDICTION; AFFIRMED IN PART.